UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Paula Bratcher,                                     Case No.: 17-45938
                                                           Chapter 7
        Debtor.                               Hon. Mark A. Randon
_____/

Jerry T. Dillon,

       Plaintiff,

v.                                                               Adversary Proceeding
                                                               Case No.: 17-04533

Paula Bratcher,

       Defendant.
_____/

## OPINION ON PLAINTIFF'S ADVERSARY PROCEEDING TO DENY DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)15

**I.     INTRODUCTION**

Jerry T. Dillon ("Plaintiff") and Paula Bratcher ("Debtor") were married. At some point during the marriage, the parties co-signed on a car loan for a 2013 Chevrolet Sonic. They subsequently divorced, and Debtor was awarded the Sonic in the divorce judgment. Debtor defaulted on the payments and filed bankruptcy. Plaintiff filed an adversary proceeding seeking a determination that balance remaining on the loan is nondischargeable under 11 U.S.C. § 523(a)(15).

The Court conducted a trial on March 22, 2018. Both parties testified. This opinion states the Court's findings of fact and conclusions of law. Because Debtor did

not incur the debt in the course of their divorce, section 523(a)(15) does not apply, and judgment will enter in favor of Debtor.

## II.  JURISDICTION

The Court has subject-matter jurisdiction over this adversary proceeding under 29 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## III.  FINDINGS OF FACT

The Court makes the following findings of fact:

1. The parties co-signed for the car loan at issue before they were divorced;

2. The Wayne County Circuit Court entered a consent judgment of divorce on October 14, 2016;

3. Debtor was awarded a 2013 Chevrolet Sonic in the consent judgment;

4. The consent judgment contains a hold harmless and indemnification provision, but it does *not* apply to the Sonic:

    Each party, except as set forth herein, shall be solely responsible for his or her own debts and obligations, and each party shall hold harmless and indemnify the other party from any liability in connection with those, *with the exception of the following provisions*:

    \*     \*     \*

    3. The parties shall continue to hold the cars in their respective possession jointly as long as there is a joint encumbrance on said vehicles.  If either party defaults in the payment of their car loan, that party will be required to their vehicle[sic] or pay off the lien in full forthwith.  If he or she cannot or does not pay the lien off, that party shall sell their vehicle.

(Emphasis added).

5. No other or new debt related to the Sonic was created or incurred in the course of or in connection with the parties' divorce or in the consent judgment;

6. Debtor defaulted on the payments;

7. Plaintiff made partial payments on the car loan to avoid harm to his credit;

8. Debtor filed a Chapter 7 bankruptcy petition on April 20, 2017;

9. Plaintiff obtained possession of the Sonic and returned it to the creditor;

10. The car loan has a balance of approximately $10,000.00;

11. The creditor has not attempted to collect the balance from either party; and

12. Debtor received a discharge on March 26, 2018;

## IV. CONCLUSIONS OF LAW

The Court relies on the conclusions of law recited on the record after the trial.

## V. CONCLUSION

Plaintiff did not meet his burden to prove the debt was incurred by Debtor in the course of their divorce. As such, 11 U.S.C. § 523(a)(15) does not apply, and the debt is dischargeable in Debtor's bankruptcy. The Court will enter a judgment in favor of Debtor.

**IT IS ORDERED**.

**Signed on March 26, 2018**

 /s/ Mark A. Randon
Mark A. Randon
United States Bankruptcy Judge

-4-